## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:**

**JENNIFER TURINI,**

  **Plaintiff,**            **COMPLAINT**

**v.**

**EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS INC., TRANS UNION LLC,
I.Q. DATA INTERNATIONAL, INC.,
and SUNRISE HARBOUR MULTIFAMILY, INC.
d/b/a SUNRISE HARBOR APARTMENTS,**

               **DEMAND FOR JURY TRIAL**

  **Defendants.**

_____/

## COMPLAINT

Plaintiff, Jennifer Turini ("Plaintiff"), by and through counsel, files this Complaint against Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc. ("Experian"), Trans Union LLC ("Trans Union"), I.Q. Data International, Inc. ("IQ"), and Sunrise Harbour Multifamily, Inc. d/b/a Sunrise Harbor Apartments ("Sunrise"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA"), Fair Debt Collection Practices Act, 15 USC § 1681 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transact

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

4.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.      Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

9.      Defendant IQ is a Washington corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Defendant IQ is a "person" as defined by FCRA, 15 USC §1681a(b).

10.     Defendant Sunrise is a Florida corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Sunrise is a "person" as defined by FCRA, 15 USC §1681a(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## GENERAL ALLEGATIONS

### Improper Debt Collection

11.     The alleged debt (the "Consumer Debt") is comprised of various amounts that Defendant Sunrise did not have the legal authority to collect or otherwise assess to Plaintiff. For example, the Consumer Debt that Defendant Sunrise unlawfully sought to collect from Plaintiff included, among other things, charges for damages, additional months of rent contrary to the lease, and/or repair services that were not actually incurred by Defendant Sunrise and/or that Defendant Sunrise could not legally collect from Plaintiff.

12.     The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Defendant Sunrise and Plaintiff involving the provision of residential housing services (the "Subject Service").

13.     The Subject Service was primarily for personal, family, or household purposes.

14.     The Consumer Debt is a "debt" governed by the FCCPA. *See* Fla. Stat. § 559.55(6).

15.     Plaintiff is a "consumer or debtor" within the meaning of the FCCPA. See § 559.55 (8).

16.     Defendant is a "creditor" as defined by the FCCPA. *See* Fla. Stat. § 559.55(5).

17.     On a date better known by Defendant Sunrise, Defendant Sunrise began attempting to collect the Consumer Debt from Plaintiff.

18.     On a date better known by Defendant Sunrise, Defendant Sunrise sent a letter, dated February 16, 2023, to Plaintiff (the "Account Statement") in an attempt to collect additional charges after Plaintiff moved out of a property owned and/or operated by Defendant Sunrise.

19.     The Account Statement is a communication from Defendant Sunrise to Plaintiff in connection with the collection of a consumer debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20.    In the Account Statement, Defendant Sunrise attempted to collect charges for damages, utilities, and rent, whereby Defendant unlawfully assessed Plaintiff.

21.    Defendant Sunrise did not have any contractual or statutory right to assess or otherwise attempt to collect the additional rent and/or damages that Defendant Sunrise demanded in the Account Statement.  Put differently, Defendant Sunrise unlawfully assessed Plaintiff charges and/or amounts that Defendant did not actually incur and are considered normal wear and tear.

22.    Defendant Sunrise engaged in activity constituting "any action to collect [a] debt" by mailing the Account Statement to Plaintiff. *See* Fla. Stat. § 559. 715.

23.    Defendant Sunrise did not incur some and/or all of the charges and/or amounts that they unlawfully assessed and did not have any legitimate authority to collect against Plaintiff.

**Inaccurate Reporting**

24.    This action involves derogatory and inaccurate reporting of the Consumer Debt by Defendant IQ (the "IQ Account") and to the Credit Reporting Agencies, Defendants Equifax, Experian, and Trans Union.

25.    The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

26.    Section 1681s-2(b) imposes a second category of duties on furnishers of information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27.    This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

28.    Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

29.    On or about February 2024, Plaintiff checked her credit reports and realized that her credit reports listed an inaccurate balance for the IQ Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.     Plaintiff's credit reports reflected an inaccurate and derogatory public record due to the reporting of the incorrect balance for the IQ Account.

31.     In or around February 2024, Plaintiff disputed the balance of the IQ Account with Defendant Equifax.

32.     In or around February 2024, Defendant Equifax verified the IQ Account as accurate and failed to correct the balance of the IQ Account.

33.     Plaintiff has not been able to lease an apartment within her means as a result of the inaccurate reporting of the IQ Account.

34.     As of the filing of this complaint, Defendant Equifax is still reporting the balance of the IQ Account inaccurately on Plaintiff's credit report.

35.     In or around February 2024, Plaintiff disputed the balance of the IQ Account with Defendant Experian.

36.     In or around February 2024, Defendant Experian verified the IQ Account as accurate and failed to correct the balance of the IQ Account.

37.     Plaintiff has not been able to lease an apartment within her means as a result of the inaccurate reporting of the IQ Account.

38.     As of the filing of this complaint, Defendant Experian is still reporting the balance of the IQ Account inaccurately on Plaintiff's credit report.

39.     In or around February 2024, Plaintiff disputed the balance of the IQ Account with Defendant Trans Union.

40.     In or around February 2024, Defendant Trans Union verified the IQ Account as accurate and failed to correct the balance of the IQ Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41.     Plaintiff has not been able to lease an apartment within her means as a result of the inaccurate reporting of the IQ Account.

42.     As of the filing of this complaint, Defendant Trans Union is still reporting the balance of the IQ Account inaccurately on Plaintiff's credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

43.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-42 of this Complaint.

44.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the IQ Account and continues to include the same information concerning inaccurate and derogatory reporting of the IQ Account.

45.     In or around February 2024, Plaintiff checked her credit report and noticed that there was an inaccurate reporting from Defendant Equifax. Therefore, in or around February 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Equifax.

46.     Defendant Equifax verified as accurate the inaccurate IQ Account. Despite Defendant Equifax having been put on notice of the inaccurate reporting, Defendant Equifax did not correct the IQ Account from Plaintiff's Equifax credit report.

47.     As of the filing of this complaint, Defendant IQ's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

48.     Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

50.     Despite Defendant Equifax having received Plaintiff's dispute of the IQ Account, Defendant Equifax continues to report the IQ Account as an adverse account with an incorrect balance to Defendant IQ.

51.     Continuing to report the status of the IQ Account in this fashion is significant.

52.     By continuing to report the status of the IQ Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

53.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

54.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

55.     Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

56.     Defendant Equifax failed to conduct an independent investigation and, instead, deferred to Defendant IQ, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

57.     Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

58.     Defendant Equifax's reporting of inaccurate information about the IQ Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

59.     Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant IQ despite being in possession of evidence that the information was inaccurate.

60.     Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

61.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

62.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

63.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

64.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

65.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

66.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

67.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

68.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

69.     As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

70.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

71.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-42 above of this Complaint.

72.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

73.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

74.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

75.     Additionally, Defendant Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

76.     Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Equifax had notice was inaccurate; [e]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

77.     The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

78.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.     As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

80.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

81.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-42 of this Complaint.

82.     Defendant Experian prepared and issued consumer credit reports concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff which previously included inaccurate and derogatory reporting of the IQ Account and continues to include the same information concerning inaccurate and derogatory reporting of the IQ Account.

83.     In or around February 2024, Plaintiff checked her credit report and noticed that there was an inaccurate reporting from Defendant Experian. Therefore, in or around January 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Experian.

84.     Defendant Experian verified as accurate the IQ Account. Defendant Experian having been put on notice of the inaccurate reporting, Defendant Experian did not remove the IQ Account from Plaintiff's Experian credit report.

85.     As of the filing of this complaint, Defendant IQ's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

86.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

87.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

88.     Despite Defendant Experian having received Plaintiff's dispute of the IQ Account, Defendant Experian continues to report the IQ Account as an adverse account with an inaccurate balance to Defendant IQ.

89.     Continuing to report the status of the IQ Account in this fashion is significant.

90.     By continuing to report the status of the IQ Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

91.     Credit scoring algorithms take Plaintiff's account status into consideration when

generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

92.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

93.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

94.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to Defendant IQ, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

95.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

96.     Defendant Experian's reporting of inaccurate information about the IQ Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

97.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant IQ despite being in possession of evidence that the information was inaccurate.

98.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

99.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

100.    On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

101.    Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

102.    Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

103.    Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

104.    The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

105.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

106.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

107.    As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

108.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

109.    Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-42 above of this Complaint.

110.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reasonable reinvestigation with respect to the disputed information.

111.   On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

112.   On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

113.   Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

114.   Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed  the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

115.   The conduct, action, and inaction, of Defendant Experian was negligent, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

116.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117.    As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

118.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Trans Union)

119.    Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-42 of this Complaint.

120.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the IQ Account and continues to include the same information concerning inaccurate and derogatory reporting of the IQ Account.

121.    In or around January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate reporting from Defendant Trans Union. Therefore, in or around January 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Trans Union.

122.    Defendant Trans Union verified as accurate the alleged Consumer Debt. Despite Defendant Trans Union having been put on notice of the fraudulent and inaccurate reporting,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant Trans Union did not remove the IQ Account from Plaintiff's Trans Union credit report.

123.   As of the filing of this complaint, Defendant IQ's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

124.   Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

125.   Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

126.   Despite Defendant Trans Union having received Plaintiff's dispute of the IQ Account, Defendant Trans Union continues to report the IQ Account as an adverse account with an inaccurate balance to Defendant IQ.

127.   Continuing to report the status of the IQ Account in this fashion is significant.

128.   By continuing to report the status of the IQ Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

129.   Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

130.   Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

131.   Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

132.   Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant IQ, when they permitted the derogatory information to remain on Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit report after Plaintiff's dispute.

133.    Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

134.    Defendant Trans Union's reporting of inaccurate information about the IQ Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

135.    Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant IQ despite being in possession of evidence that the information was inaccurate.

136.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

137.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

138.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

139.    Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

140.    Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

141.    Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

142.    The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

143.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

144.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

145.    As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

146.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

147.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-42 above of this Complaint.

148.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

149.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

150.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

151.     Additionally, Defendant Trans Union negligently failed to report the accounts

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

152.    Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

153.    The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

154.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.    As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

156.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant IQ)

157.    Plaintiff incorporates the allegations regarding the IQ Account and Defendant IQ in ¶¶ 1-42 of this Complaint.

158.    According to its website, Defendant IQ is a debt collector.

159.    In or about February 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant IQ.

160.    In or about February 2024, Plaintiff submitted Disputes of the erroneous and derogatory information reported to Defendants Equifax, Experian, and Trans Union by Defendant IQ.

161.    In response to the disputes, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant IQ of the Disputes in accordance with the FCRA.

162.    As of the filing of this complaint, the inaccurate balance has continued to be verified by Defendant IQ on Plaintiff's Equifax, Experian, and Trans Union credit report.

163.    Defendant IQ is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

164.    On a date better known by Defendant IQ, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant IQ of Plaintiff's Disputes in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

165.     In response to the notices received from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant IQ did not and otherwise failed to conduct a reasonable investigation into the IQ Account which is the subject of the Disputes.

166.     In response to receiving notice from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant IQ failed to correct and/or delete information it knew to be inaccurate and/or which Defendants Equifax, Experian, and Trans Union could not otherwise verify.

167.     Instead of conducting a reasonable investigation, Defendant IQ erroneously validated the IQ Account and continued to report inaccurate information to Defendants Equifax, Experian, and Trans Union.

168.     On at least one occasion within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

169.     On at least one occasion within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Equifax, Experian, and Trans Union.

170.     On at least one occasion within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax, Experian, and Trans Union about the inaccurate information.

171.     Upon information and belief, Defendant IQ was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

172.     Defendant IQ's investigation was per se deficient by reason of these failures in its

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

investigation of Plaintiff's Disputes.

173.    As a direct and proximate result of Defendant IQ's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

174.    Defendant IQ's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

175.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant IQ, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant IQ)

176.    Plaintiff incorporates the allegations regarding the IQ Account and Defendant IQ in ¶¶ 1-42 of this Complaint.

177.    On at least one occasion within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

178.    On one or more occasions within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Equifax, Experian, and Trans Union.

179.    On one or more occasions within the past year, by example only and without limitation, Defendant IQ violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

180.    When Defendant IQ received notice of Plaintiff's disputes from Defendants Equifax, Experian, and Trans Union, Defendant IQ could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

181.    Defendant IQ would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant IQ had reviewed its own systems and previous communications with Plaintiff.

182.    Defendant IQ's investigation was per se deficient by reason of these failures in Defendant IQ's investigation of Plaintiff's Disputes.

183.    As a direct and proximate result of Defendant IQ's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

184.    Defendant IQ's actions constitute negligent noncompliance with the FCRA

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

185.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant IQ awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 U.S.C. §1692e(2)(A)**
(Against Defendant IQ)

186.    Plaintiff incorporates by reference Plaintiff incorporates the allegations regarding the Consumer Debt, the IQ Account and Defendant IQ in ¶¶ 1-42 of the Complaint.

187.    According to its website, Defendant IQ is a debt collector that "has been serving the collection needs of businesses and consumers since 1998."

188.    Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). (emphasis added).

189.    By attempting to collect on the incorrect balance for the Consumer Debt, Defendant IQ attempted to collect amounts from Plaintiff that Defendant Sunrise could not lawfully collect from Plaintiff. Pointedly, Defendant IQ attempted to collect amounts for services and/or charges that were not actually incurred by Defendant Sunrise and, even if they were, Defendant Sunrise did not have any legitimate authority to collect or attempt to collect. Thus, by attempting to collect

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the incorrect balance for the Consumer Debt, Defendant IQ falsely represented the character, amount, and legal status of the Consumer Debt.

190.     WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant IQ for:

[1] Statutory and actual damages, as provided under 15 U.S.C. §1692k;

[2] An award of punitive damages in an amount to be determined by the fact finder;

[3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA;

[4] Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

[5] Such other or further relief as the Court deems proper.

## COUNT 10
## VIOLATION OF FLA. STAT. § 559.72(9)
### (Against Defendant Sunrise)

191.     Plaintiff incorporates by reference the allegations regarding the Consumer Debt and Defendant Sunrise in ¶¶ 1-42 of this Complaint.

192.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt* when such person *knows that the debt is not legitimate* or *assert the existence of some other legal right* when such person *knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

193.     Defendant Sunrise violated Fla. Stat. § 559.72(9) by attempting to collect amounts from Plaintiff that Defendant Sunrise did not have the contractual or statutory authority to collect. As set forth above, the Consumer Debt that Defendant Sunrise unlawfully sought to collect from Plaintiff is comprised of amounts that were not actually incurred by Defendant and/or not actually owed by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

194.    Due to Defendant Sunrise's violation of the FCCPA, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees, and costs.

195.    As such, by and through the Account Statement, Defendant Sunrise attempted to enforce a debt that it knew was not legitimate and asserted a legal right that it knew did not exist, namely, the right to demand payment for charges not actually incurred by Defendant Sunrise and/or charges not actually owed by Plaintiff.

196.    WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

[1] Statutory and actual damages as provided under Fla. Stat. §559.77(2);

[2] An award of punitive damages in an amount to be determined by the fact finder;

[3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

[4] Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

[5] Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: March 8, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com